UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOROTHY NEAL, JANE PITTS,
and DOROTHY WITHERSPOON,
on behalf of themselves and a similarly situated class,

   Plaintiffs,

             Case No. 05-CV-2521 -B
             Hon. Jane J. Boyle
             Magistrate Judge Ramirez

             **Class Action**

v.

RAYTHEON COMPANY,

   Defendant.

_____/

| | |
|---|---|
| ROGER J. McCLOW (P27170) | JOHN F. EASTON (Texas Bar No. 00798162) |
| DAVID R. RADTKE (P47016) | PILLSBURY WINTHROP |
| KLIMIST, McKNIGHT, SALE, | SHAW PITTMAN LLP |
| McCLOW & CANZANO, P.C. | Attorney for Defendant |
| Attorneys for Plaintiffs | 909 Fannin Street, Suite 2000 |
| 400 Galleria Officentre, Suite 117 | Houston, TX 77010 |
| Southfield, MI 48034 | (713) 276-7624 |
| (248) 354-9650 | |
| | |
| HAL K. GILLESPIE | JAMES P. GILLESPIE (*pro hac vice*) |
| CHRISTA J. BOYD-NAFSTAD | MATTHEW PAPEZ (*pro hac vice*) |
| GILLESPIE, ROSEN, WATSKY | EUNNICE H. EUN (*pro hac vice*) |
| & JONES | KIRKLAND & ELLIS LLP |
| Co-Counsel for Plaintiffs | Attorneys for Defendant |
| 3402 Oak Grove Ave., Suite 200 | 655 15th Street, N.W., Suite 700 |
| Dallas, TX 75204 | Washington, D.C. 20005 |
| (214) 720-2009 | (202) 879-5000 |

_____/

## SETTLEMENT AGREEMENT AND RELEASE

EXHIBIT

1

This Settlement Agreement and Release dated June 9, 2009 is made between Raytheon Company ("Raytheon") and Dorothy Neal, Jane Pitts and Dorothy Witherspoon (the "Class Representatives" or "Plaintiffs"), individually, and on behalf of the F.R.C.P. 23(b)(2) Class as defined in the Court's August 25, 2006 Order in *Neal, et al. v. Raytheon Company*, Case No. 05-cv-2521-B (N.D. Tex.) ("*Neal Litigation*"). "Settlement Agreement" refers to this document and all attached Exhibits. Certain capitalized terms in this Settlement Agreement have the meanings given them in Section 1 herein.

WHEREAS, Raytheon is a Delaware corporation and is the successor with respect to retiree health care benefits to E-Systems, Inc. and LTV Electrosystems, Inc. that had previously operated the Raytheon facility in Garland, Texas;

WHEREAS, Plaintiffs represent a Class of former UAW hourly employees, and their surviving spouses, who worked at Raytheon's Garland, Texas facility and retired under the bargaining unit pension plan prior to August 1, 1993, and for whom Raytheon has made available retiree medical benefits. Class Counsel for the Plaintiffs are David R. Radtke, Roger J. McClow, and their firm Klimist, McKnight, Sale, McClow & Canzano, P.C. ("Class Counsel"), and counsel for Raytheon are James P. Gillespie, Matthew Papez, and Eunnice Eun of Kirkland & Ellis, LLP, and John F. Easton of Pillsbury Winthrop Shaw Pittman LLP ("Raytheon's Counsel");

WHEREAS, Plaintiffs allege in the *Neal Litigation* that Raytheon made certain changes to the retiree medical plan under which Plaintiffs and the members of the Class received Health Care Benefits, and that those changes violated Section 301 of the Labor Management Relations Act ("LMRA") and Section 502 of the Employee Retirement Income Security Act ("ERISA");

---

WHEREAS, on February 22, 2008, the Court granted Raytheon summary judgment on Plaintiffs' ERISA claim, but held that because there were material facts in dispute with regard to the LMRA claims, those claims were appropriate for adjudication at trial;

WHEREAS, Plaintiffs, by and through Class Counsel, have conducted full discovery, analyzed the relevant legal issues and had a trial on the merits that concluded with a mistrial due to the jury being unable to reach a unanimous verdict. While Plaintiffs and Class Counsel believe that the claims asserted in the *Neal Litigation* have merit, they have also examined the benefits and certainty to be obtained under the proposed settlement for an aging Class, and have considered the costs, risks and delays associated with the continued prosecution of this complex and time consuming litigation, and the likely appeals of any rulings in favor of either Plaintiffs or Raytheon. Class Representatives and Class Counsel believe that, in consideration of all of the circumstances, and after prolonged and serious arms length settlement negotiations with Raytheon and its Counsel, the proposed settlement embodied in this Settlement Agreement is fair, reasonable, adequate and in the best interest of all members of the Class.

WHEREAS, Raytheon denies any liability with respect to any and all of the facts or claims alleged in the *Neal Litigation*, denies that it engaged in any wrongdoing, and denies any liability to Plaintiffs, to any member of the Class, or to any third-party regarding the subject matter of the *Neal Litigation*. Raytheon furthermore continues to maintain the numerous substantive and affirmative defenses it asserted at trial. Despite these defenses, however, Raytheon has, based on a number of factors including litigation risks and costs, concluded that it is desirable and beneficial that the claims at issue be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement;

WHEREAS, between January and March 2009, Class Counsel, the Class Representatives, and Raytheon negotiated and reached this proposed Settlement Agreement;

WHEREAS, the parties intend that the proposed settlement embodied in this Settlement Agreement resolve all claims and disputes between the Plaintiffs, members of the Class, Class Counsel, and Raytheon and the Raytheon Parties as defined herein, which were raised or could have been raised in the *Neal Litigation* relating to Health Care Benefits;

WHEREAS, on March 25, 2009, Class Counsel sent letters, a sample of which is attached as Exhibit A, to Class Members apprising them of the tentative settlement;

NOW, THEREFORE, IT IS HEREBY AGREED by the parties to this Agreement that, in accordance with the following terms and conditions, the following shall occur:

A.    The *Neal Litigation* be settled between Plaintiffs, the Class, Raytheon and the Raytheon Parties, upon approval of this Settlement Agreement by the Court, and after notice to Class Members and hearing as provided herein; and

B.    Upon Court approval of the Settlement Agreement and compromise of the *Neal Litigation*, a Final Judgment and Order of Dismissal consistent with the provisions of this Settlement Agreement, agreed upon by the parties and approved by the Court, be entered:  (1) dismissing the *Neal Litigation* with prejudice; and (2) dismissing all Released Claims as defined below, against Raytheon and the Raytheon Parties with prejudice.

1.    *Definitions.*

1.1    *Administrator* means Raytheon or the entity(ies) designated by Raytheon from time to time to provide administrative services for the Plan.

---

1.2    *Class* means

    1.2.A.    Raytheon employees who worked at Raytheon's Garland, Texas facility and retired under the bargaining unit pension plan prior to August 1, 1993;

    1.2.B.    surviving spouses and eligible dependents of Raytheon employees who retired prior to August 1, 1993 and who are receiving payments from the company's pension plan; and

    1.2.C.    surviving spouses of Raytheon employees who died on or after January 1, 1976 while they were active employees who were eligible for early retirement under the pension plan at the time of the employee's death.

1.3    *Class Counsel* means David R. Radtke, Roger J. McClow, and their firm KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C., 400 Galleria Officentre, Suite 117, Southfield, Michigan 48034.

1.4 *Class Member* means a member of the Class, as defined in the Court's August 25, 2006 Order certifying the Class. A list of all persons believed to be Class Members is attached as Exhibit B. Raytheon's only obligation with respect to this list is to provide the names and last known addresses of all persons believed to be Class Members as of January 1, 2009.

1.5    *Class Representatives* means Dorothy Neal, Jane Pitts and Dorothy Witherspoon.

1.6    *Court* means the United States District Court for the Northern District of Texas.

1.7    *Duration of Coverage* means that Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees in the United States through the Raytheon Retiree Health Benefits Plan for 10 years from the Effective Date. Should Raytheon offer regional retiree health benefits plans instead of the current national Plan during this 10-year period, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the

Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location. After 10 years, Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas. Should Raytheon offer regional retiree health benefits plans instead of the current national Plan at some point 10 years after the Effective Date, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas.

1.8    *Effective Date* means (i) the date 31 days after the Final Judgment is entered provided there is no pending appeal; or (ii) if there is a pending appeal, the date the Final Judgment becomes Final.  If there is a pending appeal 31 days after the Final Judgment is entered, Class Counsel will send to each Class Member a letter describing the status of the proposed Settlement Agreement and the *Neal Litigation*.

1.9    *Dependents* will be limited to dependent spouses of Retirees and dependent children of Retirees or Surviving Spouses.  Dependent children cease to be Dependents upon the death of the Retiree and/or Surviving Spouse upon whom they are dependent.  Any rights of Dependents under the Settlement Agreement and Plan are derivative of the rights of the Retiree or Surviving Spouse upon whom they are dependent.

1.10    *Eligible Class Member* means an Eligible Retiree or Eligible Surviving Spouse who was living as of January 15, 2009 and was enrolled in the Retiree Health Care Benefits Plan as of June 30, 2003.

1.11    *Eligible Dependent* means the Dependent of an Eligible Class Member who was living as of January 15, 2009 and who was covered by the Raytheon Retiree Health Care Benefits Plan as of June 30, 2003.

1.12    *Eligible Retiree* means a Retiree who was living as of January 15, 2009 and who was enrolled in the Raytheon Retiree Health Care Benefits Plan as of June 30, 2003.

1.13    *Eligible Surviving Spouse* means a Surviving Spouse who was living as of January 15, 2009 and who was enrolled in the Raytheon Retiree Health Care Benefits Plan as of June 30, 2003.

1.14    *Final* means the latest of:  (i) expiration of the time period for an appeal as of right from the Final Judgment if no appeal has been filed; (ii) any final dismissal or withdrawal of all appeals filed from the Final Judgment; or (iii) the date of final affirmance of the Final Judgment following any appeal, including the expiration of the time for petitions for writs of certiorari (or written confirmation by all possible appellants that no such petition will be filed) and, if certiorari is granted, the date of final affirmance of the Final Judgment.

1.15    *Final Judgment* means the final judgment of the Court approving this Settlement Agreement, substantially in the form attached as Exhibit C.

1.16    *Health Care Benefits* means the retiree hospital, surgical, medical, and prescription drug benefit plans provided by Raytheon to Class Members.

1.17    *Magistrate* means a Magistrate Judge appointed by the Court to resolve disputes pursuant to Section 10.

1.18    *Monthly Contribution* has the meaning attributed to that term in Section 7.

1.19    *Notice of Proposed Class Action Settlement* means the notice approved by the Court, substantially in the form of Exhibit D.

1.20    *Order of Preliminary Approval of Settlement Agreement* means the order entered by the Court preliminarily approving this Settlement Agreement, substantially in the form of Exhibit E.

1.21    *Order of Approval of Final Payments List* means the order entered by the Court approving the Final Payments List, substantially in the form of Exhibit F.

1.22    *Participant* means any Class Member who is participating in the Plan.

---

1.23    *Payment* means the payment for future health related expenses to be made to Class Members pursuant to Section 11 herein.

1.24    *Plan* means the Raytheon Retiree Health Benefits Plan.

1.25    *Raytheon Retiree Health Benefits Plan* means the current Raytheon Retiree Health Benefits Plan (and successor retiree health benefits plans, if any) offered by Raytheon to its salaried and hourly retirees.

1.26    *Released Claims* means any and all claims, rights or causes of action or liabilities whatsoever, known or unknown, matured or not matured, that have been asserted or that could have been asserted by or on behalf of any and every member of the Class (including their respective heirs, executors, or administrators), against any of the Raytheon Parties which arise out of or relate in any way to the allegations set forth or that could have been set forth, in any complaint filed in relation to the Plan or the *Neal Litigation*. Released Claims includes, but is not limited to, claims brought on behalf of any and every member of the Class arising from the allegations and claims related to the Plan or to the *Neal Litigation*. Released Claims does not include any claim that any Class Member has or may have with respect to any claim not related to Health Care Benefits, including any claim regarding workers' compensation, life insurance or pension benefits, or any claim arising under the terms of this Settlement Agreement or relating to the enforcement of the Final Judgment incorporating this Settlement Agreement. Moreover, all rights under section 1542 of the Civil Code of the State of California and any similar provision of the law of any state, nation or jurisdiction, are waived by the Class. Section 1542 provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, the Class hereby irrevocably and unconditionally releases and forever discharges the Raytheon Parties from any and all charges, complaints, claims and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, which Plaintiffs alleged in their Complaint.

1.27   *Retiree* means an individual who was employed at Raytheon's and its predecessors' Garland, Texas facility and was represented by the UAW at the time of his or her retirement, and who retired with normal, early or disability retirement benefits from Raytheon before August 1, 1993.

1.28   *Settlement Amount* means the amount of $825,000 to be divided among Class Members for future health related expenses and for costs and attorneys' fees.

1.29   *Surviving Spouse* means a spouse of a deceased Retiree who retired before August 1, 1993. *Surviving Spouse* also means a spouse of a Retiree who died on or after January 1, 1976 while he/she was an active employee eligible for early retirement under the pension plan at the time of his/her death.

1.30   *Raytheon* means Raytheon, Company, a Delaware corporation.

1.31   *Raytheon Parties* means Raytheon and its parents, subsidiaries, affiliates, predecessors, including E-Systems, Inc., LTV Electrosystems, Inc., successors, assigns, related companies or entities, divisions, committees (including any pension or employee benefit committee), its or their employee benefit plans, trustees, fiduciaries, administrators, and service

---

providers, and any and all of its and their respective past or present officers, directors, partners, insurers, agents, representatives, attorneys, consultants, advisors, investors, shareholders, or employees.

1.32   *UAW* means the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local 848.

1.33   *Unknown Claims* means any and all claims arising out of any facts relating to any matter covered by the Released Claims which the Class Representatives or any Class Member do not know or suspect to exist in his, her, or their favor at any time prior to the Effective Date which if known or suspected by them might have materially affected their decisions with respect to settlement with Raytheon and release of the Raytheon Parties.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives, Class Members, and the Raytheon Parties shall have expressly, and each Class Member shall be deemed to have, and by operation of the Final Judgment shall have:  (i) agreed that no Unknown Claims would have materially affected their decisions with respect to the Settlement and (ii) expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives, Class Members, and Raytheon Parties acknowledge, and each and every Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

1.34    *Verification* means the required verification for receipt of a Payment, substantially in the form of Exhibit G.

1.35    *Verification Period* means the 30 day period for Class Members to provide the required Verification pursuant to Section 11 herein.

2.    *Preliminary Approval and Notice to the Class.*

2.1    Plaintiffs will submit this Settlement Agreement to the Court and will seek from the Court an Order of Preliminary Approval of Settlement Agreement, substantially in the form of Exhibit D, providing for notice to the Class of the hearing on the proposed settlement. Raytheon will separately file a document joining in this motion. Plaintiffs will also seek approval of a Notice of Proposed Class Action Settlement to be sent to the Class in substantially the form of Exhibit D.

2.2    Within ten (10) days of the filing of this Settlement Agreement with the Court, Raytheon shall serve upon the appropriate State officials of Arkansas, Mississippi, Oklahoma, Tennessee, and Texas, the States in which it believes all Class Members reside, and the appropriate Federal official, a notice of the Settlement Agreement, pursuant to 28 U.S.C. § 1715(b).

2.3     Following entry of the Order of Preliminary Approval and the Notice of Proposed Class Action Settlement, Class Counsel shall (i) mail a copy of the Notice of Proposed Class Action Settlement to each Class Member at their last known address; (ii) submit a proof of such mailing to the Court; and (iii) provide copies to Raytheon's counsel.

2.4     The Notice of Proposed Class Action Settlement sent to Class Members shall also include a copy of the Settlement Agreement with certain appropriate Exhibits and a cover letter summarizing the proposed settlement and stating the position of the Class Representatives and Class Counsel.  The cover letter will be substantially in the form of Exhibit H.

3.     *Final Judgment to be Entered Approving the Settlement.*

3.1     After notice to Class Members and upon Court approval of this Settlement Agreement, the parties will request that a Final Judgment be entered substantially in the form of Exhibit C hereto, which will be enforceable against Raytheon and each of the Class Members.

3.2     During the period from the execution of this Settlement Agreement to the Effective Date, Plaintiffs, on behalf of themselves, the Class, and their respective heirs, executors, administrators, successors, and assigns, and all persons acting in concert with such persons, agree not to institute, maintain, or prosecute any or all Released Claims against the Raytheon Parties.

4.     *Releases and Related Matters.*

4.1     Upon the Effective Date, in accordance with the provisions of the Final Judgment, for good and sufficient consideration, the receipt of which is hereby acknowledged, each Class Member, and anyone claiming on behalf of or through a Class Member (including but not limited to any Dependents of a Class Member), shall be deemed to have, and by operation of the Final

Judgment shall have, fully, finally and forever released and discharged all Released Claims and Unknown Claims against the Raytheon Parties. The Final Judgment shall forever bar and enjoin each Class Member, and anyone claiming on behalf of or through a Class Member (including but not limited to any Dependents of a Class Member), from instituting or prosecuting, either directly or indirectly, any Released Claims or Unknown Claims against the Raytheon Parties.

5.    *No Admissions.*

5.1    Raytheon continues to deny any wrongdoing or legal liability arising out of any of the claims against Raytheon in the *Neal Litigation.* Neither this Settlement Agreement, the Final Judgment, any document referred to herein, nor any other action effectuating this Settlement Agreement may be construed as an admission of wrongdoing or liability by the Raytheon Parties.

5.2    The Class Representatives have contended and continue to contend that the claims made on behalf of the Class in the *Neal Litigation* are meritorious. This Settlement Agreement may not be construed as an admission by Class Members that their claims lack merit.

5.3    The negotiation and implementation of this Settlement Agreement may not be construed as an admission by any party. The Settlement Agreement, Final Judgment and any related documents, communications, or information will not be introduced in evidence in any proceeding against any party hereto, including the Raytheon Parties, in any court or agency or other tribunal for any purpose, except to secure Court approval of this Settlement Agreement or to enforce its provisions.

6.      *Eligibility and Participation in the Plan.*

6.1      Eligible Class Members will be eligible to be Participants in the Plan during the applicable Duration of Coverage, provided that Eligible Class Members must timely pay the applicable Monthly Contributions.

6.2      Eligible Class Members who were enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 and who were not enrolled in the Raytheon Retiree Health Benefits Plan as of January 15, 2009, are eligible to apply for re-enrollment in the Plan until 90 days after the Final Judgment has been entered without any pre-existing condition limitations. Thereafter, no Eligible Class Member will be eligible to re-enroll in the Plan, except as provided in Section 12.  Class Members who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 are not eligible for re-enrollment or a share of the Settlement Amount.

6.3      Eligible Class Members wishing to re-enroll in the Plan shall notify Class Counsel in writing by completing and submitting the form attached as Exhibit I.  Class Counsel, in turn, will promptly advise counsel for Raytheon that such Eligible Class Members seek re-enrollment. Raytheon will then provide the necessary re-enrollment materials to the Eligible Class Members. Re-enrollment pursuant to Section 6 will be effective as of the first day of the month following the month in which (a) timely application for re-enrollment is received from Class Counsel, and (b) the Eligible Class Member wishing to re-enroll has completed and returned the necessary re-enrollment materials to Raytheon.

6.4      Class Members (and their Dependents) who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 are not eligible for re-enrollment in the Plan.

---

7.    *Monthly Contribution.*

    7.1    Eligible Class Members' Monthly Contributions for coverage under the Plan are:

        7.1.A.    Retirees and Surviving Spouses of retirees who retired before July 1, 1990:
            – Retiree/Surviving Spouse only -- $3.90 per month
            – Retiree/Surviving Spouse plus one -- $3.90 per month each

        7.1.B.    Retirees and Surviving Spouses of retirees who retired on or after July 1, 1990 and before August 1, 1993:
            – Retiree/Surviving Spouse only -- $15.90 per month
            – Retiree/Surviving Spouse plus one -- $31.63 per month
            – Retiree/Surviving Spouse plus more than one -- $40.38 per month

    7.2    Class Members' Monthly Contributions will remain the same for the Duration of Coverage.

8.    *Continuation of the Plan.*

    8.1    Eligible Class Members  will receive coverage under the Raytheon Retiree Health Benefits Plan for the Duration of Coverage.

    8.2    Upon Class Counsel's written request to Defense Counsel, Raytheon will provide Class Counsel with the Raytheon summary plan description or summary of material modifications for the Raytheon Retiree Health Benefits Plan that was issued pursuant to the Employee Retirement Income Security Act ("ERISA") since Class Counsel's most recent preceding written request (with respect to Class Counsel's first written request to Defense Counsel, Raytheon will provide Class Counsel with the Raytheon summary plan description or summary of material modifications for the Raytheon Retiree Health Benefits Plan that was issued pursuant to ERISA since the Effective Date of the Settlement Agreement).

9.    *Administration of the Plan.*

9.1    In administering the Plan, Raytheon must comply with its obligations under the Settlement Agreement, under the Plan, and under controlling law.  If there is any conflict between the Settlement Agreement and the Plan, the Settlement Agreement shall control, and in particular, the assertion of a right to amend the Plan shall be subject to and limited by the terms of the Settlement Agreement.  Subject to the foregoing, Raytheon retains all powers to act as the sponsor and Administrator of the Plan, including, but not limited to:  (a) amending or modifying the provisions of the Plan; (b) changing the Plan Administrator(s), vendors, insurance carriers, trustees or any other persons or entities rendering services to or with respect to the Plan; (c) merging the Plan with any other Plan or splitting up or spinning off any portion of the Plan; (d) making any change to the Plan required by applicable law; (e) maintaining the tax status of the Plan, and the benefits provided under the Plan; (f) amending the Plan to coordinate the Health Care Benefits provided under the Plan with Medicare and any other governmental program; and (g) any combination of these items.

10.    *Dispute Resolution by the Magistrate.*

10.1    Any controversy or dispute arising out of or relating to the following matters shall be resolved by the Magistrate:

10.1.A.    For 10 years after the Effective Date, the Magistrate shall have jurisdiction over any controversy or dispute arising out of or relating to whether Class Members are receiving the same level of benefits offered by Raytheon to its hourly or salaried retirees in the United States through the Raytheon Retiree Health Benefits Plan (or, should Raytheon offer regional retiree health benefits plans instead of the current national Plan, in the geographical region in which each respective Class Member resides or, should Raytheon offer more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the

Eligible Class Member resides, whether the Eligible Class Member, and all other Eligible Class Members in that location, are receiving, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location), provided, however, that any review of claims for benefits in the normal operation of the Plan shall be subject to the Plan's ordinary claim review procedure and not review by the Magistrate;

10.1.B.   More than 10 years after the Effective Date, the Magistrate shall have jurisdiction over any controversy or dispute arising out of or relating to whether Class Members are receiving the save level of retiree health care benefits offered by Raytheon to its hourly or salaried retirees through the Raytheon Retiree Health Benefits Plan (or, should Raytheon offer regional retiree health benefits plans instead of the current national Plan, in the geographical region in which each respective Class Member resides or, should Raytheon offer more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, whether the Eligible Class Member, and all other Eligible Class Members in that location, are receiving, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location), so long as it continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas, provided, however, that any review of claims for benefits in the normal operation of the Plan shall be subject to the Plan's ordinary claim review procedure and not review by the Magistrate;

10.1.C.   the Magistrate also shall have jurisdiction over disputes under Sections 6.2, 6.3, and 12.

10.2    Before submitting a dispute to the Magistrate, the aggrieved party shall give the other party written notice of such dispute. The party receiving such notice shall send the aggrieved party a written response within 30 days after receipt.

10.3    If, after receipt of a written response as described in Section 10.2, the parties are unable to resolve the dispute within a period of time not to exceed 30 days, the aggrieved party may, within 15 days after the 30-day period, submit the issue to be resolved by the Magistrate

pursuant to this Section. No submission of the issue to the Magistrate will be allowed after these time limits.

10.4    The Magistrate will not have the authority to modify or amend this Settlement Agreement, but rather solely to apply the Settlement Agreement, as written, to particular factual situations. The Magistrate will consult with the parties and will make a final decision after such formal or informal hearing as the Magistrate deems appropriate.

10.5    Either party may file objections to any decision by the Magistrate with the Court in accordance with the Federal Rules of Civil Procedure. If no objections are timely filed, the decision of the Magistrate will be final and binding on the parties. If objections are timely filed, the decision of the Court will be final and binding on the parties.

11.    *Payments to Class Members.*

11.1    Subject to Court approval, Raytheon will pay $750,000 to Class Counsel, which Class Counsel shall divide into equal shares amongst the Eligible Class Members and Eligible Dependents who were enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 and who submitted timely Verifications to Class Counsel. Every Eligible Class Member and/or Eligible Dependent from whom a Verification was timely received, will receive a Payment of one share. For example, an Eligible Class Member with an Eligible Dependent spouse will receive two shares. Once Raytheon disburses the Settlement Amount to Class Counsel, Raytheon shall not have any responsibility with regard to the allocation, administration, or tax treatment of such funds.

11.2    Class Members (and their Dependents) who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 will not receive a Payment from the $750,000.

---

11.3    Within 30 days after the Effective Date, Class Counsel will mail a Verification to all Eligible Class Members, or their legal representatives, if known, requesting the Eligible Class Member and/or Eligible Dependent to verify that the Class Member was alive as of January 15, 2009 in order to receive payment under the Settlement Agreement.

11.4    For 30 days after the date of the mailing of the Verification, Eligible Class Members or their authorized representatives may return the Verification, properly completed and signed (the "Verification Period").  After the expiration of the Verification Period, Verifications will no longer be accepted.  Verifications received after expiration of the Verification Period shall be null and void.

11.5    Verifications will not be accepted for the benefit of any deceased Eligible Class Member or Eligible Dependent, unless an Eligible Surviving Spouse of the deceased Eligible Class Member or the estate of the deceased Eligible Class Member submits a completed and signed Verification that the Eligible Class Member and/or Dependent spouse was alive as of January 15, 2009 and demonstrates legally sufficient authority to act on behalf of the estate of the deceased Eligible Class Member.

11.6    Within 30 days after entry of the Court's Order of Approval of Payments List, Class Counsel will mail the appropriate number of shares of the Payment to each Eligible Class Member and/or  Eligible Dependent.

12.    *Modification of Class Member Lists.*

12.1    If, on or before 30 days after the Effective Date, Raytheon or Class Counsel believes that an individual has been erroneously included or excluded from Exhibit B, the inclusion or exclusion will be brought to the attention of the other party.  If the other party does

not agree as to the inclusion or exclusion of an individual on Exhibit B, the disagreement shall be resolved by the Magistrate Judge applying the appropriate definitions in Section 1.

12.2    If, on or before 30 days after the Effective Date, any individual claims that he or she has been erroneously excluded from Exhibit B, but Raytheon and Class Counsel determine that he or she is properly excluded, Class Counsel shall send a notice of exclusion to the individual.

12.3    No claim for inclusion in Exhibit B will be considered that has not been presented in writing to and received by Class Counsel prior to 30 days after the Effective Date.

12.4    Any Eligible Class Member or Eligible Dependent who, on or before 30 days after the Effective Date, is determined by Raytheon and Class Counsel or by the Magistrate to have been erroneously excluded from Exhibit B, will become eligible to enroll in coverage under the Plan as an Eligible Class Member (with Eligible Dependents) pursuant to Section 6 and will be eligible for payment from the Settlement Amount.    Raytheon shall not be required to make any payments that are in excess of the Settlement Amount to anyone.

13.    *Costs and Attorneys Fees.*

13.1    Subject to Court approval, Raytheon agrees to pay attorneys' fees and costs incurred by Class Counsel in the *Neal Litigation* in the total amount of $75,000, an amount included within, and not in addition to, the Settlement Amount.

13.2    The payment of attorneys' fees and costs to Class Counsel is subject to the approval of the Court.  Raytheon will not oppose Class Counsel's application for attorneys' fees and costs in the amount of $75,000.  Raytheon shall not pay more than $75,000 in attorneys' fees

---

and costs. Moreover, payment of such fees by Raytheon shall not be construed as an admission of liability or wrongdoing.

14.    *Conditions of Settlement.*

    14.1    This Settlement Agreement is subject to fulfillment of the following conditions:

        14.1.A.    The Court enters the Order of Preliminary Approval without material modification.

        14.1.B.    The Court enters the Final Judgment and that Final Judgment becomes Final without material modification.

        14.1.C.    There is an Effective Date.

    14.2    If any of the conditions specified in Section 14.1 above is not fulfilled, this Settlement Agreement shall be terminated unless Raytheon, within 30 days from the date that the failure of a condition becomes known to Raytheon, provides written notice to Class Counsel of its intent to proceed.

15.    *Effect of Disapproval and/or Termination.*

    15.1    In the event this Settlement Agreement is terminated, is materially modified, or fails to become effective for any reason: (1) the positions of the parties to this Settlement Agreement shall be deemed to have reverted to what they were as of the date and time immediately prior to the Settlement Agreement and they shall, except as otherwise expressly provided herein, proceed in all respects as if this Settlement Agreement and related orders had not been executed, and all such orders will be vacated; (2) any settlement proposals, and this Settlement Agreement will not be admissible in any future proceedings.

16.    *Miscellaneous Provisions.*

    16.1    The Exhibits hereto are incorporated in this Settlement Agreement as though fully set forth herein, but if there is any conflict between this Settlement Agreement and any Exhibit,

this Settlement Agreement controls.  References in this Settlement Agreement to "Sections" and "Exhibits" refer to the numerical Sections of and Exhibits  to this Settlement Agreement unless otherwise specified.

16.2    This Settlement Agreement may be amended or modified only by a written instrument signed by the Class Representatives who are then living or Class Counsel and by Raytheon.  Any such amendment that would materially affect the level of benefits to be provided under the Plan shall be effective only if approved by the Court.

16.3    The waiver by one party of (a) any breach by the other party of, or (b) any other right to enforce, or claim, or benefit under, this Settlement Agreement, shall not be deemed a waiver of any other breach of, or right to enforce, or claim, or benefit under, this Settlement Agreement.

16.4    This Settlement Agreement constitutes the entire agreement between the parties, and no representations, warranties, or inducements have been made to either party concerning this Settlement Agreement, other than the representations, warranties and covenants contained in this Settlement Agreement.

16.5    The Class Representatives expressly authorize Class Counsel to take all appropriate action required or permitted to be taken by the Class Representatives pursuant to this Settlement Agreement to effectuate its terms.   The Class Representatives also expressly authorize Class Counsel to enter into any modifications or amendments to this Settlement Agreement on behalf of them that Class Counsel deems appropriate from the date this Settlement Agreement is signed until the Final Judgment is entered.

16.6    This Settlement Agreement may be executed in two or more counterparts.  All executed counterparts and each of them shall be deemed to be one of the same instrument, provided that counsel for the parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

16.7    This Settlement Agreement shall be binding upon the successors and assigns of Raytheon and the heirs, executors and administrators of the Class Representatives and Class Members.  The Settlement Agreement is not assignable by the Class Representatives or Class Members.

16.8    The undersigned signatories represent and warrant that they are fully authorized to execute and enter into the terms and conditions of this Settlement Agreement on behalf of the respective persons or entities for whom they have signed the Settlement Agreement.

16.9    All terms of this Settlement Agreement and the Exhibits hereto shall be governed and interpreted according to the substantive laws of the State of Texas except to the extent that federal law preempts application of Texas law.  All terms of this Settlement Agreement are contractual and not mere recitals and shall be construed as if drafted by all parties hereto.

16.10   Any notice, request, information or other document to be given under this Settlement Agreement to any of the parties by any of the parties shall be in writing and delivered personally, sent by UPS, Federal Express or other carrier, transmitted by facsimile, or sent by registered or certified mail, postage prepaid, as follows:  If to the Class Representatives or Class Counsel, addressed to:

David R. Radtke, Esq.
Klimist, McKnight, Sale,
McClow & Canzano, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI 48034

If to Raytheon, addressed to:

James. P. Gillespie
Kirkland & Ellis LLP
655 15th Street, N.W., Suite 700
Washington, D.C. 20005

16.11   The parties acknowledge that it is their intent to consummate this Settlement Agreement and agree to cooperate and use their best efforts to the extent necessary to effectuate and implement all terms and conditions of the Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their duly authorized attorneys, and by Class Counsel and Class Representatives for the Class, all of the parties' signatures being contingent on the Class being certified and the Settlement Agreement being approved by the Court.

FOR THE CLASS:

_____          Date:_____
Dorothy Neal

_____          Date:_____
Jane Pitts

_____          Date:_____
Dorothy Witherspoon

BY CLASS COUNSEL:

_____          Date: 6/9/09
David R. Radtke
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.


and

FOR RAYTHEON COMPANY:

_____          Date: 6.9.09
James P. Gillespie, PC
KIRKLAND & ELLIS LLP

Representatives for the Class, all of the parties' signatures being contingent on the Class being certified and the Settlement Agreement being approved by the Court.

FOR THE CLASS:

BY CLASS COUNSEL:

_____          Date:_____
David R. Radtke
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

_____          Date"_____
Dorothy Neal

_____          Date" *May 26, 2009*
Jane Pitts

_____          Date"_____
Dorothy Witherspoon

and

FOR RAYTHEON COMPANY:

_____          Date:_____
James P. Gillespie
KIRKLAND & ELLIS LLP

Representatives for the Class, all of the parties' signatures being contingent on the Class being certified and the Settlement Agreement being approved by the Court.

FOR THE CLASS:

BY CLASS COUNSEL:

_____     Date:_____
David R. Radtke
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

*Dorothy Neal*                        Date" 5 - 25 - 09
Dorothy Neal


_____     Date"_____
Jane Pitts


_____     Date"_____
Dorothy Witherspoon

and

FOR RAYTHEON COMPANY:


_____     Date:_____
James P. Gillespie
KIRKLAND & ELLIS LLP

---

Representatives for the Class, all of the parties' signatures being contingent on the Class being certified and the Settlement Agreement being approved by the Court.

FOR THE CLASS:

BY CLASS COUNSEL:

_____    Date:_____
David R. Radtke
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

_____    Date"_____
Dorothy Neal

_____    Date"_____
Jane Pitts

*Dorothy Witherspoon*    Date" *May 25, 2009*
Dorothy Witherspoon

and

FOR RAYTHEON COMPANY:

_____    Date:_____
James P. Gillespie
KIRKLAND & ELLIS LLP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


DOROTHY NEAL, JANE PITTS,
and DOROTHY WITHERSPOON,
on behalf of themselves and a similarly
situated class,

          Plaintiffs,

v.

RAYTHEON COMPANY,

          Defendant.

_____/

Case No. 05-CV-2521 -B
Hon. Jane J. Boyle
Magistrate Judge Ramirez

**Class Action**


### EXHIBITS TO SETTLEMENT AGREEMENT AND RELEASE

A.    Letter to Class Members apprising them of the tentative settlement

B.    List of Class Members and Dependents

C.    Final Judgment and Order of Dismissal

D.    Notice of Preliminary Approval of Settlement Agreement and Hearing to be Held to Approve the Settlement Agreement

E.    Order of Preliminary Approval of Settlement Agreement

F.    Order of Approval of Final Payment List

G.    Verification Form

H.    Cover letter to Notice of Proposed Class Action Settlement

I.    Cover Letter to Class Members re: Re-Enrollment in Raytheon Retiree Health Benefits Plan and Re-Enrollment Form

KLIMIST, MCKNIGHT, SALE, MCCLOW & CANZANO, P.C.

*Attorneys at Law*

400 GALLERIA OFFICENTRE • SUITE 117
SOUTHFIELD, MI 48034-8460

TELEPHONE (248) 354-9650
FAX (248) 354-9656

SAMUEL C. MCKNIGHT
JOHN R. CANZANO
ELLEN F. MOSS
LISA M. SMITH
DAVID R. RADTKE
KIMBERLY A. SAKS
PATRICK J. RORAI

OF COUNSEL

SHELDON L. KLIMIST
ROGER J. MCCLOW
LEONARD R. PAGE
JUDITH A. SALE

March 26, 2009

**ATTORNEY-CLIENT PRIVILEGED**

Pre-August 1, 1993 Retirees and Surviving Spouses
of Garland/E-Systems, Inc. Represented by UAW Local 848

> **Re:**  ***Neal, et al. v. Raytheon Company***
> **Case No. 05-CV-2521-B**
> **Retiree Health Care Litigation**

Dear Class Member:

The parties reached a preliminary settlement of the above-referenced case.  The basic terms of the settlement are as follows.

1.  **Duration of Benefits.**  Class Members will receive the best retiree health care benefits Raytheon provides to any salaried or hourly retiree in the United States for 10 years.  After 10 years, Class Members will receive the best retiree health care benefits Raytheon provides to any salaried or hourly retiree in the State of Texas.  This includes hospital, medical, surgical and prescription benefits.

2.  Class Members' monthly contributions will remain the same for as long as Class Members are receiving retiree health care benefits from Raytheon.  The amount will *never* increase.

3.  Class Members who dropped Raytheon's insurance on or after July 1, 2003 (when the first changes were made) may enroll in Raytheon's Plan, without pre-existing condition limitations, within 90 days after the Settlement Agreement is approved by the Court.

4.  Between $750,000 and $775,000 will be distributed to Class Members and dependents alive as of January 15, 2009 to defray future health-related costs.  Class Members and dependents will receive between $5000 and $6000.  The money will be deposited in individual accounts to be used to pay health related expenses.  Between $50,000 and $75,000 will be reimbursed to the UAW to help defray a small portion of the costs and attorney fees incurred in prosecuting the lawsuit.

**PLEASE SEE REVERSE SIDE OF LETTER**

KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C.
*Attorneys at Law*

Pre-August 1, 1993 Retirees and Surviving Spouses
of Raytheon Company Represented by UAW Local 848
March 26, 2009
Page 2

5.     The terms of the settlement will be incorporated into a complete Settlement Agreement and a
final Order entered by U.S. District Court Judge Boyle.

Class Members do not need to take any action to continue their health insurance coverage.

The parties have already begun working on the Settlement Agreement that must be filed with and
approved by the Class Members and the Court.  We will attempt to make this process go as quickly
as possible.  However, the process will take at least a few months.  If you have any questions, please
feel free to give me a call.

                                        Very truly yours,

                                        KLIMIST, McKNIGHT, SALE,
                                        McCLOW & CANZANO, P.C.

                                        David R. Radtke

DRR/kap
P: RHC Cases Raytheon Texas 848 Letters Retirees ltr10.wpd

EXHIBIT B

### *Neal et al v. Raytheon - List 1*
### *Class Members as Defined in District Court's August 25, 2006 Order Certifying the Class*

| Name | Last Known Address as of January 1, 2009 | City | State | Zip |
|---|---|---|---|---|
| Aaron, Grady | 1716 S. Edmonds Lane, Apt. 36 | Lewisville | TX | 75067 |
| Ackerman, Major | 21619 Forest Vista | Humble | TX | 77338 |
| Acosta, Jessica | 1917 Santa Anna | Garland | TX | 75042 |
| Adcock, Willis | P.O. Box 364 | Quinton | OK | 74561 |
| Anthematten, Peggy | 319 Teakwood | Mesquite | TX | 75149 |
| Arnold, Joye | 9958 County Road | Frankston | TX | 75763 |
| Baker, Gordon | 1218 Overhill Drive | Garland | TX | 75041 |
| Ball, Don L | P.O. Box 530993 | Grand Prairie | TX | 75053 |
| Ball, Maudean | P.O. Box 530993 | Grand Prairie | TX | 75053 |
| Barr, Helen E | 2005 Brittain Street | Fort Worth | TX | 76111 |
| Barr, Roy | 2005 Brittain Street | Fort Worth | TX | 76111 |
| Beard, Barbara | 510 Barnes Drive | Garland | TX | 75042 |
| Beona, James | 350 Shorewood Drive | Duncanville | TX | 75116 |
| Biggerstaff, Rosemary | 281 Cedar Drive | Lake Hills | TX | 78063 |
| Black, Malda | 948 Wiggins Parkway, #216 | Mesquite | TX | 75150 |
| Blackburn, T | 917 Canadian Circle | Grand Prairie | TX | 75050 |
| Bratcher, Mary | 708 Power Street, Lot 1B | Clarksville | TN | 37042 |
| Brown, Barbara | P.O. Box 663 | Terrell | TX | 75160 |
| Bryant, Betty | 5651 Northwest Drive, #3122 | Mesquite | TX | 75150 |
| Buckert, J | 12614 FM 252 | Kirbyville | TX | 75956 |
| Burgess, Linda | 1920 Jackson Drive | Little Elm | TX | 75068 |
| Buster, Charlie | 5727 Bellcrest Drive | Dallas | TX | 75241 |
| Campbell, Robert | 11734 Woodchuck Road | Leesburg | TX | 75451 |
| Capps, Kamila | 4922 FM 3364 | Princeton | TX | |
| Casey, Zelma | 5607 McShann Road | Dallas | TX | 75230 |
| Clark, Maurine | 411 East Lavender Lane | Arlington | TX | 76010 |
| Cleaver, Evelyn | 2519 South Marsalis | Dallas | TX | 75216 |
| Clendennen, Leo | 501 Travis Drive | Mineral Wells | TX | 76067 |
| Cook, C | 725 Showplace | Grand Prairie | TX | 75051 |
| Cook,, Helen M | 725 Showplace | Grand Prairie | TX | 75051 |
| Cooper, Mildred | 703 E. 10th Street | Kemp | TX | 75143 |
| Cooper, Tom | 703 E. 10th Street | Kemp | TX | 75143 |
| Cotner, Clyde | 6400 Stonewall Street, #213E | Greenville | TX | 75402 |
| Cotner, Flossie | 6400 Stonewall Street, #213E | Greenville | TX | 75402 |
| Coyle, Helen | 826 Brookshire Circle | Garland | TX | 75043 |
| Davis, Bonnie | 1717 Westbridge Way | Garland | TX | 75044 |
| Davis, Gladys | 2701 Royal Troon Drive (c/o Wayne Davis) | Plano | TX | 75025 |
| Dennis, Olla | 512 Lake Road | Lavon | TX | 75160 |
| Devoe, Pete | 4501 Shepherd Lane | Balch Springs | TX | 75180 |
| Devoe, Ruth | 4501 Shepherd Lane | Balch Springs | TX | 75180 |
| Dove, Annie | 619 Myers Road | Braxton | MS | 39044 |
| Drain, Naomi | 600 W. Arapaho Road, Apt. 237 | Richardson | TX | 75080 |
| Embry, Bobbye | 206 Virginia | Waxahachie | TX | 75165 |
| Emerson, Grady | 2706 Hillcrest | Greenville | TX | 75402 |
| Emery, Elizabeth | 1101 E. Arbrook Blvd., Apt 299 | Arlington | TX | 76014 |
| Eppler, Bob | 3703 Briscoe | Greenville | TX | 75401 |
| Eppler, Jane M | 3703 Briscoe | Greenville | TX | 75401 |
| Farrar, Mildred | 6903 Toland | Dallas | TX | 75227 |
| Fisher, M | 1212 Devonshire Lane | Wylie | TX | 75098 |
| Florence, Fred | 221 Bexar Drive | Highland Village | TX | 75077 |
| Ford, Joann | 1732 Grace Street | Arlington | TX | 76010 |

**EXHIBIT B**

### Neal et al v. Raytheon - List 1
### Class Members as Defined in District Court's August 25, 2006 Order Certifying the Class

| Name | Last Known Address as of January 1, 2009 | City | State | Zip |
|------|------------------------------------------|------|-------|-----|
| Freeman, Dorothy | 916 Villeta Street | Mexia | TX | 76667 |
| Gardner, Edna | P.O. Box 472211 | Garland | TX | 75047 |
| Gazin, Juanita | No information | | | |
| Gilcrease, James | 1806 Queen's Court West | Arlington | TX | 76014 |
| Gilcrease, Wilma J | 1806 Queen's Court West | Arlington | TX | 76014 |
| Gladen, William | 1214 North Center | Arlington | TX | 76011 |
| Goodwin, Audrey | 1434 Archery | Garland | TX | 75044 |
| Goree, Evelyn | 2129 Bayhill Drive, Apt. 17 | Plano | TX | 75023 |
| Graham, James | 820 Brittany, Apt. 203 | Irving | TX | 75061 |
| Green, Judy | 1909 Shiloh Road, Apt. 125 | Tyler | TX | 75703 |
| Greiber, William | 407 Salem | Richardson | TX | 75080 |
| Griffin, Gay | 6703 Country Breeze | San Antonio | TX | 78240 |
| Grimes, Harry | 2513 Lakewood Drive | Garland | TX | 75042 |
| Hale, Dorothy | 14006 International S. Avenue | La Feria | TX | 78559 |
| Hale, Jeanetta | P.O. Box 462 | Hawkins | TX | 75765 |
| Hamm, Ethel | 2149 Evergreen | Garland | TX | 75041 |
| Hardin, Dorothy | 3429 Windridge Drive | Garland | TX | 75043 |
| Harper, Leon | P.O. Box 1584 | Terrell | TX | 75160 |
| Harper, Odessa | P.O. Box 1584 | Terrell | TX | 75160 |
| Harris, Dorothy | 511 Mack Drive | Euless | TX | 76039 |
| Harrison, Gene | 1032 Via Del Rey | Mesquite | TX | 75150 |
| Hatridge, Jerry | 101 Rainbow Drive | Livingston | TX | 77351 |
| Heitman, Ione | 17020 NW County Road 3323 | Frost | TX | 76641 |
| Helms, Charles | 2023 Skylark Drive | Arlington | TX | 76010 |
| Henderson, Bertha | 2147 North Drive | Tyler | TX | 75703 |
| Henderson, Robert J | 2147 North Drive | Tyler | TX | 75703 |
| Hernandez, A | 2056 E. Hickory Hill Road | Argyle | TX | 76226 |
| Hernandez, Rafael | 2056 E. Hickory Hill Road | Argyle | TX | 76226 |
| Hodge, Audrey | 711 Kim Court | Cleburne | TX | 76031 |
| Hodge, Warren | 711 Kim Court | Cleburne | TX | 76031 |
| Holland, Ruth | 1901 Westfield Street | Grand Prairie | TX | 76050 |
| Holloway, Bobby | 10108 St. James Street | Keller | TX | 76428 |
| Homer, Berry | 301 North Bugg Street | Bokchito | OK | 74726 |
| Hughes, Dale | 505 Kiowa Drive West | Lake Kiowa | TX | 76240 |
| Humphus, Faye | 404 S. Hampshire | Saginaw | TX | 76179 |
| Hunt, Joanne | 918 Dairy Road | Garland | TX | 75040 |
| Hunt, John | 918 Dairy Road | Garland | TX | 75040 |
| Jackson, George | 12027 Schroeder | Dallas | TX | 75243 |
| Jackson, Sharlee | 12027 Schroeder | Dallas | TX | 75243 |
| Jenkins, Leda | 803 Senior Creek Drive, Apt. 1110 | Arlington | TX | 76010 |
| Jenkins, Nettie | 11408 Rupley Lane | Dallas | TX | 75218 |
| Johnson, Helen | 3036 Parkline Trail | Grand Prairie | TX | 75052 |
| Johnson, Raymond | 105 E. Ridgewood | Garland | TX | 75041 |
| Jones, Jessie | RR1, Box 97B | Marland | TX | 76661 |
| Jones, Ulysses | 1718 Liberty Street | Fort Worth | TX | 76105 |
| Kelley, Clara | No information | | | |
| Kelly, Eloise | 1401 Lone Elm Road | Waxahachie | TX | 75167 |
| Kelso, Mary | 6170 Country Road 334 | Blanket | TX | 76432 |
| Kirwin, Calvin | 3616 Judge Dupree Drive | Dallas | TX | 75241 |
| Kirwin, Irene | 3616 Judge Dupree Drive | Dallas | TX | 75241 |
| Kluck, Greta | 209 Briar Lane | Hickory Creek | TX | 76205 |

**EXHIBIT B**

### Neal et al v. Raytheon - List 1
### Class Members as Defined in District Court's August 25, 2006 Order Certifying the Class

| Name | Last Known Address as of January 1, 2009 | City | State | Zip |
|---|---|---|---|---|
| Lamb, Edward | 714 Holmwood Drive | Jasper | TX | 75951 |
| Landers, Flora | Route 1, Box 185 | Alba | TX | 75410 |
| Landers, Judy | Route 1, Box 185 | Alba | TX | 75410 |
| Larocca, Artis | 10 Higgenbothan Road | Perryville | AR | 72126 |
| Manning, Leenora | 3909 Savannah | Garland | TX | 75041 |
| Mathis, Bonnie | 405 E. Washington | Rockwall | TX | 75087 |
| Mayberry, Beverly | 501 Hilltop | Wylie | TX | 75098 |
| Mayberry, Tommy | 501 Hilltop | Wylie | TX | 75098 |
| Mays, M | 321 Ramsey Street | Cedar Hill | TX | 75104 |
| McBride, Jimmie | 262 Rains County Road 1397 | Point | TX | 75472 |
| McCally, Margaret | 615 West Virginia | McKinney | TX | 75069 |
| McClinton, Doris | 2106 Starcrest | Richardson | TX | 75082 |
| McClinton, James | 2106 Starcrest | Richardson | TX | 75082 |
| McCurley, Chris | 1036 Oak Drive | Flower Mound | TX | 75028 |
| McCurley, Frances | 1036 Oak Drive | Flower Mound | TX | 75028 |
| McHenry, Billie | 2908 Elder Drive | Mesquite | TX | 75150 |
| McHenry, Troy | 2908 Elder Drive | Mesquite | TX | 75150 |
| McKay, Don | 1638 Greenbriar Trail | Holly Lake Ranch | TX | 76034 |
| McLarty, Estelle | 7301 Pebble Hill Drive | Colleyville | TX | 76034 |
| McPeak, Darween | 813 Nancy Drive | Royse City | TX | 75189 |
| Miller, Ethel | 505 W. Centerville Road | Garland | TX | 75041 |
| Mixson, Robert | P. O. Box 1313 | Quinlan | TX | 75474 |
| Modkins, Marthel | 349 Ella Avenue | Dallas | TX | 75217 |
| Monk, Anna | 1314 Iroquois | Garland | TX | 75043 |
| Monk, Chris L | 1314 Iroquois | Garland | TX | 75043 |
| Moore, Dessie | 3209 Riverview Drive | Mesquite | TX | 75181 |
| Moore, Nola | 218 Dogwood Drive | Mt. Pleasant | TX | 75455 |
| Nall, Virginia | 12463 Los Indio Trail, Apt. 208 | Austin | TX | 78729 |
| Neal, Dorothy | 3504 Katrine Street | Fort Worth | TX | 76117 |
| Oxford, Helen | 217 W. Daugherty Drive | Garland | TX | 75041 |
| Oxford, Larry | 217 W. Daugherty Drive | Garland | TX | 75041 |
| Perkins, Mary Pauline | 885A Dublin Drive | Richardson | TX | 75080 |
| Pierce, J | 2919 Randy Lane | Farmers Branch | TX | 75234 |
| Pierce, Virginia | 2919 Randy Lane | Farmers Branch | TX | 75234 |
| Pitts, Jane | 2117 Winston Drive | Desoto | TX | 75115 |
| Provazek, Adolph | 2003 Swansee Street | Dallas | TX | 75232 |
| Reagan, Leona | 3616 Ponchartrain Street | Arlington | TX | 76016 |
| Reynolds, A | 821 E. Celeste | Garland | TX | 75041 |
| Robertson, Jessie | 2916 56th Street | Dallas | TX | 75241 |
| Robinson, R | 1405 Barfield | Garland | TX | 75041 |
| Roper, Nell | 801 Sycamore Creek | Allen | TX | 75002 |
| Ross, N | 4553 Image Place | Dallas | TX | 75211 |
| Rowland, Osceola | 821 La Prada Drive, Apt. 225 | Garland | TX | 75043 |
| Samford, Joe | 1554 Gillette | Dallas | TX | 75217 |
| Sanchez, Antonio | 7405 Pebble Beach Drive | Rowlett | TX | 75088 |
| Sanchez, Carmen | 7405 Pebble Beach Drive | Rowlett | TX | 75088 |
| Sanford, Bertha | 2033 FM 1643 | Winnsboro | TX | 75494 |
| Sawyer, Louise | 1605 Robin Lane | Garland | TX | 75042 |
| Scott Jr., Berry | 2809 Luther | Tyler | TX | 75701 |
| Scruggs, Ethelene | 2514 Dalrock Road | Rowlett | TX | 75088 |
| Scruggs, S | 2514 Dalrock Road | Rowlett | TX | 75088 |

EXHIBIT B

**Neal et al v. Raytheon - List 1**
**Class Members as Defined in District Court's August 25, 2006 Order Certifying the Class**

| Name | Last Known Address as of January 1, 2009 | City | State | Zip |
|---|---|---|---|---|
| Shaw, Alice | 920 Pine Tree Lane | DeSoto | TX | 75115 |
| Shelby, Bernard | 211 Van Zant Circle, #3525 | Wills Point | TX | 75169 |
| Sherman, Gary | 5604 Calumet Drive | Arlington | TX | 76017 |
| Sherman, Jorene | 5604 Calumet Drive | Arlington | TX | 76017 |
| Shivers, Billy | 1404 Marshall Dale | Arlington | TX | 76013 |
| Singley, Iris | 920 Lee's Court | Lewisville | TX | 75067 |
| Skinner, Zoie | 1929 Morningside Drive | Garland | TX | 75042 |
| Smith, Ina | 131 PR 3435 | Longview | TX | 75602 |
| Spencer, Lynn | 1421 Old Agnes Road | Weatherford | TX | 76088 |
| Spikes, Ernestine | 3680 Greenwood Road | Weatherford | TX | 76086 |
| Stennett, Roddale | P.O. Box 267 | Quinlan | TX | 75474 |
| Stinson, herbert | 712 Lakeshore Drive | Little Elm | TX | 75068 |
| Teames, J | 3330 Gibsondell | Dallas | TX | 75211 |
| Thompson, Lucious | 2214 Skylark Drive | Dallas | TX | 75216 |
| Thurman, Peggy | 1822 East Mitchell Street | Arlington | TX | 76010 |
| Tinnin, Larry | 201 High Canyon Court | Richardson | TX | 75080 |
| Valentine, Mary | 150 Enterprise Drive, Apt. 2131 | McKinney | TX | 75069 |
| Vasquez, Rose | 2306 Maylane | Grand Prairie | TX | 75050 |
| Vinson, Eva | 611 North First | Midlothian | TX | 76065 |
| Wakeham, Francis | 4418 Hanover Street | Grand Prairie | TX | 75052 |
| Wallin, Mary | 3715 Lakeview Drive | Grapevine | TX | 76051 |
| Walsh, M | 1104 South Carrier Pkwy., Apt. C207 | Grand Prairie | TX | 75051 |
| Weaver, Hazel | 350 ACR 2910 | Palestine | TX | 75803 |
| Webb, J | 200 Diane Drive | Moody | TX | 76557 |
| White, Lila | 8520 County Road, Box 2580 | Royse City | TX | 75189 |
| Willet, Robert | 110 Roma Drive | Garland | TX | 75041 |
| Williams, A | 4825 Lowell Lane | Fort Worth | TX | 76133 |
| Witherspoon, Dorothy | 2305 Sherwood Drive | Ennis | TX | 75119 |
| Womack, Charles | 3185 Golfing Green Drive | Farmers Branch | TX | 75234 |
| Woodward, Dorothy | 3544 Parker Road East | Fort Worth | TX | 76117 |
| Wooldridge, Hoyle | 1718 Patterson Drive | Garland | TX | 75042 |
| Woolsey, Fern | 107 East Cherokee | Cherokee | TX | 76832 |
| Yarborough, Frances | 3415 W. Pentagon Parkway | Dallas | TX | 75233 |
| Young, Audrey | 1216 Academy Drive | Arlington | TX | 76013 |
| Young, Roxie | 4245 Ambrose Drive | Dallas | TX | 75241 |
| Zikowsky, Harry | 8109 Skillman Street, Apt. A200 | Dallas | TX | 75231 |
| | | | | |

**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOROTHY NEAL, JANE PITTS,
and DOROTHY WITHERSPOON,
on behalf of themselves and a similarly
situated class,

               Plaintiffs,

v.

RAYTHEON COMPANY,

               Defendant.

Case No. 05-CV-2521 -B
Hon. Jane J. Boyle
Magistrate Judge Ramirez

**Class Action**

| | |
|---|---|
| ROGER J. McCLOW (P27170)<br>DAVID R. RADTKE (P47016)<br>KLIMIST, McKNIGHT, SALE,<br>McCLOW & CANZANO, P.C.<br>Attorneys for Plaintiffs<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 | JOHN F. EASTON (Texas Bar No. 00798162)<br>PILLSBURY WINTHROP<br>SHAW PITTMAN LLP<br>Attorney for Defendant<br>909 Fannin Street, Suite 2000<br>Houston, TX 77010<br>(713) 276-7624 |
| HAL K. GILLESPIE<br>CHRISTA J. BOYD-NAFSTAD<br>GILLESPIE, ROSEN, WATSKY<br>& JONES<br>Co-Counsel for Plaintiffs<br>3402 Oak Grove Ave., Suite 200<br>Dallas, TX 75204<br>(214) 720-2009 | JAMES P. GILLESPIE (*pro hac vice*)<br>MATTHEW PAPEZ (*pro hac vice*)<br>EUNNICE H. EUN (*pro hac vice*)<br>KIRKLAND & ELLIS, LLP<br>Attorneys for Defendant<br>655 15th Street, N.W., Suite 700<br>Washington, D.C. 20005<br>(202) 879-5000 |

**FINAL JUDGMENT AND
ORDER OF DISMISSAL**

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter comes before the Court for final approval of the Settlement Agreement dated June 9, 2009. The Notice of Hearing to approve the proposed Settlement was issued on June __, 2009. The Court held a hearing on _____, 2009 for the purpose of determining whether the terms of the Settlement Agreement are fair, reasonable and in the best interests of the Class. On , 2009, at least 90 days before today's date, counsel for Raytheon served notice of the proposed Settlement on the appropriate Federal and State officials, pursuant to 28 U.S.C. § 1715. The Court having considered the Settlement Agreement and its Exhibits, all papers filed and proceedings had herein and otherwise being fully advised of the premises, and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.      This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class (as defined in paragraph 2).

2.      On August 25, 2006, this Court certified the Class as follows:

> A.      Raytheon employees who worked at Raytheon's Garland, Texas facility and retired under the bargaining unit pension plan prior to August 1, 1993;
>
> B.      surviving spouses and eligible dependents of Raytheon employees who retired prior to August 1, 1993 and who are receiving payments from the company's pension plan; and
>
> C.      surviving spouses of Raytheon employees who died on or after January 1, 1976 while they were active employees who were eligible for early retirement under the pension plan at the time of the employee's death.

3.      This Court approves the terms of the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and in the best interests of the Class.

4.      This Court hereby dismisses, with prejudice to the Class, the Released Claims and Unknown Claims (as those terms are defined in the Settlement Agreement) provided, however,

2

that this dismissal with prejudice shall not prevent or bar any claim arising under the terms of the Settlement Agreement.

5.     All Class Members and anyone claiming on behalf of or through a Class Member (including but not limited to any Dependents of a Class Member) are forever barred and enjoined from instituting or prosecuting, either directly or indirectly, all Released Claims and Unknown Claims (as those terms are defined in the Settlement Agreement) against the Raytheon Parties (as that term is defined in the Settlement Agreement).

6.     The Raytheon Parties (as that term is defined in the Settlement Agreement) are released and discharged from any and all Released Claims and Unknown Claims (as those terms are defined in the Settlement Agreement) that any Class Member or anyone claiming on behalf of or through a Class Member (including but not limited to any Dependents of a Class Member) has or may have against the Raytheon Parties (as that term is defined in the Settlement Agreement).

7.     Neither the entry into the Settlement Agreement nor the consent to this Final Judgment is or may be construed as an admission by or against the Raytheon Parties (as that term is defined in the Settlement Agreement) of any wrongdoing or liability. The Settlement Agreement, this Final Judgment and any documents related to any of the foregoing shall not be introduced in evidence in any proceeding against the Raytheon Parties (as that term is defined in the Settlement Agreement) in any court or agency or other tribunal for any purpose except to enforce the terms of the Settlement Agreement or this Final Judgment.

8.     The notice given to the Class of the Settlement Agreement and the other matters set forth therein was the best notice practicable under the circumstances, including the individual notice to members of the Class who could be identified through reasonable effort. This notice

3

provided due and adequate notice of these proceedings and of the matters set forth herein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

9.    Within 30 days after the Effective Date, Class Counsel will mail a Verification to all Eligible Class Members, or their legal representatives, if known, requesting the Eligible Class Member to verify that the Eligible Class Member and/or Eligible Dependent was alive as of January 15, 2009 in order to receive Payment under the Settlement Agreement.

10.    For 30 days after the date of the mailing of the Verification, Eligible Class Members or their authorized representatives may return the Verification, properly completed and signed (the "Verification Period"). After the expiration of the Verification Period, Verifications will no longer be accepted. Verifications received after expiration of the Verification Period shall be null and void.

11.    Verifications will not be accepted for the benefit of any deceased Eligible Class Member or Eligible Dependent, unless an Eligible Surviving Spouse of the deceased Class Member or the estate of the deceased Eligible Class Member submits a completed and signed Verification that the Eligible Class Member and/or Eligible Dependent was alive as of January 15, 2009 and demonstrates legally sufficient authority to act on behalf of the estate of the deceased Eligible Class Member.

12.    Within 30 days after receipt of the Verifications, Class Counsel will review all timely Verifications and will mail the appropriate number of shares of the Payment to each Eligible Class Member and/or Eligible Dependent.

4

13.     Class Members, Class Counsel, and the UAW shall not issue any publicity regarding the fact or terms of this Settlement Agreement.

14.     A.   Subject to Court approval, Raytheon will pay $750,000 to Class Counsel, which Class Counsel shall divide into equal shares amongst the Eligible  Class Members and Eligible Dependents who were enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 and who submitted timely Verifications to Class Counsel.   Every Eligible Class Member and/or Eligible Dependent from whom a Verification was timely received will receive a Payment of one share.   For example, an Eligible Class Member with an Eligible Dependent will receive two shares.    Once Raytheon disburses the Settlement Amount to Class Counsel, Raytheon shall not have any responsibility with regard to the allocation, administration, or tax treatment of such funds. Raytheon shall not be required to make any payments that are in excess of the Settlement Amount to anyone.

B.   Class Members (and their Dependents) who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 will not receive a Payment from the $750,000.

15.     Raytheon shall pay attorneys' fees and costs incurred by Class Counsel in the *Neal Litigation* in the total amount of $75,000, an amount included within, and not in addition to, the Settlement Amount.   Payment of such fees by Raytheon shall not be construed as an admission of liability or wrongdoing.

16.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the parties hereto for the purposes of enforcing and administering the Settlement Agreement.

Dated: _____, 2009

_____
Hon. Jane J. Boyle
United States District Court Judge

5

**EXHIBIT D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

*Neal, et al. v. Raytheon Company*                    Case No. 05-cv-2521-B

**NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT
AND HEARING TO BE HELD TO APPROVE THE SETTLEMENT AGREEMENT**

TO:    Certain retired bargaining unit employees of Raytheon and Surviving Spouses

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and

pursuant to an Order of the United States District Court for the Northern District of Texas,

entered on _____, 2009.  It is directed to certain bargaining unit employees who retired

from Raytheon Company ("Raytheon") before August 1, 1993, their dependents, and their

surviving spouses, and is intended to provide information about the proposed Settlement

Agreement reached by the parties.

**THE CLASS**

On August 25, 2006, the Court certified the following Class:

> Raytheon employees who worked at Raytheon's Garland, Texas facility and
> retired under the bargaining unit pension plan prior to August 1, 1993;
>
> surviving spouses and eligible dependents of Raytheon employees who retired
> prior to August 1, 1993 and who are receiving payments from the company's
> pension plan; and
>
> surviving spouses of Raytheon employees who died on or after January 1, 1976
> while they were active employees who were eligible for early retirement under the
> pension plan at the time of the employee's death.

## NATURE OF THE ACTION

This litigation concerns health care benefits for certain bargaining unit employees of Raytheon who retired from active employment from Raytheon's Garland, Texas facility before August 1, 1993, their Surviving Spouses and Dependents.

On December 29, 2005, Class Representatives Dorothy Neal, Jane Pitts and Dorothy Witherspoon, for themselves and on behalf of the Class, brought an action against Raytheon in the United States District Court for the Northern District of Texas, captioned *Neal, et al. v. Raytheon Company*, Civil Action No. 05-cv-2521-B (N.D. Tex.).  The Class Representatives sought restoration of health care benefits which Raytheon had changed effective July 1, 2003, July 1, 2005 and January 1, 2006.  Plaintiffs also sought monetary losses and injunctive and other forms of relief.  The Class Representatives asserted that Raytheon had violated (1) the applicable collective bargaining agreements when it changed retiree health care benefits; and (2) the Employee Retirement Income Security Act ("ERISA").  The Court granted Raytheon summary judgment on the ERISA claim.  Raytheon denies that it breached the collective bargaining agreements, and denies any liability to Plaintiffs, to any member of the Class, or to any third party regarding the subject matter of the *Neal Litigation*.

Following the filing of the lawsuit, the parties conducted full discovery, analyzed the relevant legal issues and the parties had a trial before a jury in October 2008.  The Court declared a mistrial after the jury deadlocked.  The Class Representatives and Class Counsel have concluded that, under the circumstances, the proposed Settlement Agreement is fair to and in the best interests of the Class and support the proposed Settlement Agreement.

While Raytheon continues to deny liability, it desires to settle the action on the basis proposed in the Settlement Agreement in order to put to rest all further controversy and to avoid the expense and distraction of further, protracted litigation.

This Notice is not meant to imply that there has been any violation of law or that the Class could recover if this lawsuit were not settled.

## SUMMARY OF THE PROPOSED SETTLEMENT AGREEMENT

A copy of the Settlement Agreement is enclosed with this Notice. Because it affects your right to continued health care benefits from Raytheon, Class Members should read the Settlement Agreement carefully.

The Settlement Agreement is subject to approval by the Court. The following benefits are available under the Settlement Agreement, and the capitalized terms bear the meanings given to them in the Settlement Agreement:

***Duration of Coverage***

Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees in the United States through the Raytheon Retiree Health Benefits Plan for 10 years from the Effective Date. Should Raytheon offer regional retiree health benefits plans instead of the current national Plan during this 10-year period, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally

3

offered through the Raytheon Retiree Health Benefits Plan within that geographical location. After 10 years, Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas. Should Raytheon offer regional retiree health benefits plans instead of the current national Plan at some point 10 years after the Effective Date, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas.

### *Monthly Contribution*

Eligible Class Members' Monthly Contributions for coverage under the Plan are as follows:

For Retirees and Surviving Spouses of retirees who retired before July 1, 1990:

- Retiree/Surviving Spouse only -- $3.90 per month

- Retiree/Surviving Spouse plus one -- $3.90 per month each

For Retirees and Surviving Spouses of retirees who retired on or after July 1, 1990 and before August 1, 1993:

- Retiree/Surviving Spouse only -- $15.90 per month

- Retiree/Surviving Spouse plus one -- $31.63 per month

- Retiree/Surviving Spouse plus more than one -- $40.38 per month

Eligible Class Members' Monthly Contributions will remain the same for the Duration of Coverage, as defined in the proposed Settlement Agreement.

***Settlement Amount***

Subject to Court approval, Raytheon will pay $750,000 to Class Counsel, which Class Counsel shall divide into equal shares amongst the Eligible Class Members and Eligible Dependents who were enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 and who submitted timely Verifications to Class Counsel. Every Eligible Class Member and/or Eligible Dependent from whom a Verification was timely received will receive a Payment of one share. For example, an Eligible Class Member with an Eligible Dependent will receive two shares. Once Raytheon disburses the Settlement Amount to Class Counsel, Raytheon shall not have any responsibility with regard to the allocation, administration, or tax treatment of such funds.

Class Members (and their Dependents) who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 will not receive a Payment from the $750,000.

Within 30 days after the Effective Date, Class Counsel will mail a Verification to all Eligible Class Members, or their legal representatives, if known, requesting the Eligible Class Member to verify that the Eligible Class Member and/or Eligible Dependent was alive on January 15, 2009 in order to receive payment under the Settlement Agreement.

For 30 days after the date of the mailing of the Verification, Eligible Class Members or their authorized representatives may return the Verification, properly completed and signed (the "Verification Period"). After the expiration of the Verification Period, Verifications will no

longer be accepted.   Verifications received after expiration of the Verification Period shall be null and void.

Within 30 days after entry of the Court's Order of Approval of Payments List, Class Counsel will mail the appropriate number of shares of the Payment to each Eligible Class Member , and/or Eligible Dependent for future health related expenses.

Subject to Court approval, a maximum of $75,000 will be paid to Class Counsel for costs and attorneys' fees.  Raytheon's payment of such fees shall not be construed as an admission of liability or wrongdoing.

### Re-Enrollment in the Raytheon Plan for Class Members Who Dropped out after June 30, 2003

Eligible Class Members (and their Eligible Dependents) who were enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 and who were not enrolled in the Raytheon Retiree Health Benefits Plan as of January 15, 2009, are eligible to apply for re-enrollment in the Plan until 90 days after the Final Judgment has been entered without any pre-existing condition limitations.  Thereafter, no Class Member will be eligible to re-enroll in the Plan, except as provided in Section 12 of the Settlement Agreement.  Class Members who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 are not eligible for re-enrollment or a share of the Settlement Amount.

### Release of Claims

This Settlement Agreement settles all Released Claims and Unknown Claims (as those terms are defined in the Settlement Agreement) of the Class Members and anyone claiming on behalf of or through a Class Member (including but not limited to any Dependent of a Class Member) which relate to any health care benefits or the changing of any health care benefits, and provides that any and all of these claims will be dismissed with prejudice in the Final Judgment.

This dismissal with prejudice, however, shall not prevent or bar claims relating to enforcement of the terms of the Settlement Agreement.

The foregoing summary is qualified in its entirety by reference to the full text of the enclosed Settlement Agreement. In the event of any inconsistency between this Notice and the Settlement Agreement, the Settlement Agreement is the controlling document.

## HEARING

Pursuant to an Order of the Court entered on , 2009, there will be a hearing before the Honorable Jane J. Boyle in her courtroom, Room 1376, 1100 Commerce Street, Dallas, TX 75242 on _____, 2009 at the hour of _____ __.M. for the purpose of determining whether the proposed Settlement Agreement is fair, reasonable and in the best interests of the Class and whether it should be finally approved by the Court. The hearing may be adjourned from time to time by the Court without further notice.

You do not have to come to the hearing. Class Counsel will attend the hearing. However, any member of the Class may appear at the hearing and, if he or she has timely objected to the proposed Settlement Agreement, tell the Court why the proposed Settlement Agreement should not be approved. No person will be heard at the hearing unless he or she files written objections with the Court at the above address on or before _____, 2009, and by the same date sends a copy of the objections to each of the following: (a) Class Counsel David R. Radtke, Klimist, McKnight, Sale, McClow & Canzano, P.C., 400 Galleria Officentre, Suite 117, Southfield, MI 48034; and (b) Raytheon Counsel James P. Gillespie, Kirkland & Ellis LLP, 655 15th Street N.W., Suite 700, Washington, D.C. 20005. Any member of the Class who does not make his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement. Objections should bear the following heading: *Neal, et*

7

*al. v. Raytheon Company*, Case No. 05-cv-2521-B, Objections to Proposed Settlement Agreement.

If, after the hearing, the Court determines that the proposed Settlement Agreement is fair, reasonable and in the best interests of the Class and enters a Final Judgment approving it, that Final Judgment will be binding on all members of the Class, regardless of whether objections have been filed.

Dated: _____          _____

                                        Clerk of the Court

**EXHIBIT E**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOROTHY NEAL, JANE PITTS,
and DOROTHY WITHERSPOON,
on behalf of themselves and a similarly situated class,

|  |  |
|---|---|
| Plaintiffs, | Case No. 05-CV-252 1 -B<br>Hon. Jane J. Boyle<br>Magistrate Judge Ramirez |
|  | **Class Action** |
| v. |  |
| RAYTHEON COMPANY, |  |
| Defendant. |  |

_____/

| | |
|---|---|
| ROGER J. McCLOW (P27170)<br>DAVID R. RADTKE (P47016)<br>KLIMIST, McKNIGHT, SALE,<br>  McCLOW & CANZANO, P.C.<br>Attorneys for Plaintiffs<br>400 Galleria Officentre, Suite 1 17 Southfield,<br>MI 48034<br>(248) 354-9650 | JOHN F. EASTON (Texas Bar No. 00798162)<br>PILLSBURY WINTHROP<br>  SHAW PITTMAN LLP<br>Attorney for Defendant<br>909 Fannin Street, Suite 2000<br>Houston, TX 77010<br>(713) 276-7624 |
| HAL K. GILLESPIE<br>CHRISTA J. BOYD-NAFSTAD<br>GILLESPIE, ROSEN, WATSKY & JONES<br>Co-Counsel for Plaintiffs<br>3402 Oak Grove Ave., Suite 200 Dallas, TX<br>75204<br>(214) 720-2009 | JAMES P. GILLESPIE (*pro hac vice*)<br>MATTHEW PAPEZ (*pro hac vice*)<br>EUNNICE H. EUN (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>Attorneys for Defendant<br>655 15th Street, N.W., Suite 700<br>Washington, D.C. 20005<br>(202) 879-5000 |

_____/

**ORDER OF PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT**

## ORDER OF PRELIMINARY APPROVAL
## OF SETTLEMENT AGREEMENT

The parties entered into a proposed Settlement Agreement on June 9, 2009 and requested the Court to give its preliminary approval to that Settlement Agreement and approve the form and method of providing notice of the proposed settlement to the Class described in the Settlement Agreement.

The Court has reviewed the Settlement Agreement and the referenced Exhibits, including the proposed forms of Class Notice, and finds and concludes as follows:

1.    The Court entered an Order dated August 25, 2006 certifying the Class pursuant to Federal Rule 23(b)(2) as follows:

A.    Raytheon employees who worked at Raytheon's Garland, Texas facility and retired under the bargaining unit pension plan prior to August 1, 1993;

B.    surviving spouses and eligible dependents of Raytheon employees who retired prior to August 1, 1993 and who are receiving payments from the company's pension plan; and

C.    surviving spouses of Raytheon employees who died on or after January 1, 1976 while they were active employees who were eligible for early retirement under the pension plan at the time of the employee's death.

2.    The Court has considered the history of this case, the pleadings, the trial before a jury in October 2008 and the statements by both parties. On a preliminary basis, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class. The Court will therefore direct that notice of the Settlement Agreement in the form of Exhibit D to the Settlement Agreement be provided to the Class pursuant to Fed. R. Civ. P. 23(e)(B).

3.    The Court has reviewed the attached forms of the Notice of Preliminary Approval of Settlement Agreement and Hearing to be held to Approve the Proposed Settlement and the cover letter from Class Counsel to be sent with the Notice, and finds that they comply with the requirements of Fed. R. Civ. P. 23(d) and (e) and fairly present the terms of the Settlement

2

Agreement and the Class Members' rights and responsibilities in the settlement approval process.

4.    Class Counsel proposes that Notice be sent in the form of Exhibit D to the Settlement Agreement to all identified Class Members by first class mail. The Court finds that such Notice is the best notice practicable under the circumstances, and is reasonably calculated to effectuate actual notice of the settlement to the Class.

5.    The parties have compiled the names and last known addresses of all known Class Members substantially in the form of Exhibit B to the Settlement Agreement.  The individual mailing of the Notice to those Class Members identified by the parties provides due and sufficient notice of the proceedings, of the proposed settlement, and of the settlement approval procedures, thus satisfying the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6.    On _____, 2009, counsel for Raytheon served upon the appropriate Federal and State officials, a notice of the Settlement Agreement, pursuant to 28 U.S.C. § 1715.

7.    Therefore, based on the foregoing findings of fact and conclusions of law:

IT IS HEREBY ORDERED that the Settlement Agreement is preliminarily approved.

IT IS FURTHER ORDERED that all proceedings not related to the approval and implementation of the Settlement Agreement are stayed until further Order of the Court.

IT IS FURTHER ORDERED that the Notice of Preliminary Approval of Settlement Agreement and Hearing to be Held to Approve the Proposed Settlement and the cover letter from Class Counsel to accompany the Notice are approved by this Court and that the Notice and letter, together with a copy of the Settlement Agreement and any appropriate Exhibits, be mailed to

3

each identified Class Member at his or her current last known address by Class Counsel on or before _____, 2009.

IT IS FURTHER ORDERED that Class Counsel will file an Affidavit of Mailing with this Court and serve copies of that Affidavit on all counsel prior to the date set for hearing on the Settlement Agreement.

IT IS FURTHER ORDERED that on _____, __, 2009, at the hour of _____ __.M., in the courtroom of the Honorable Jane J. Boyle, Room 1376, 1100 Commerce Street, Dallas, TX 75242, the Court will conduct a hearing to hear objections to the Settlement Agreement, if any, and to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto.  Should the Court find that the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class, the Final Order shall be entered no earlier than 90 days from the date on which counsel for Raytheon served notice of such Settlement on the appropriate Federal and State officials pursuant to 28 U.S.C. § 1715.

IT IS FURTHER ORDERED that any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and present evidence, briefs or other papers in support thereof.  However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement, unless on or before the date set forth in the Mailing Notice, he or she files with the Clerk of this Court written objections, together with all papers to be submitted to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on each of the following: (a) Class Counsel David R. Radtke, Klimist, McKnight, Sale, McClow & Canzano, P.C., 400 Galleria Officentre, Suite 117, Southfield, MI 48034; (b) Raytheon Counsel

4

James P. Gillespie, Kirkland & Ellis LLP, 655 15th Street N.W., Suite 700, Washington, D.C. 20005.  Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement. Objections should bear the following heading:   *Neal, et al. v. Raytheon Company*, Case No. 05-cv-2521-B, Objections to Proposed Settlement Agreement.

IT IS FURTHER ORDERED that the hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except any Class Member who has timely filed an objection.


Dated: _____, 2009          _____
                                          Hon. Jane J. Boyle
                                          United States District Court Judge

**EXHIBIT F**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOROTHY NEAL, JANE PITTS,
and DOROTHY WITHERSPOON,
on behalf of themselves and a
similarly situated class,

      Plaintiffs,

v.

RAYTHEON COMPANY,

      Defendant.

Case No. 05-CV-252 1 -B
Hon. Jane J. Boyle
Magistrate Judge Ramirez

**Class Action**

| | |
|---|---|
| ROGER J. McCLOW (P27170) | JOHN F. EASTON (Texas Bar No. 00798162) |
| DAVID R. RADTKE (P47016) | PILLSBURY WINTHROP |
| KLIMIST, McKNIGHT, SALE, | SHAW PITTMAN LLP |
| McCLOW & CANZANO, P.C. | Attorney for Defendant |
| Attorneys for Plaintiffs | 909 Fannin Street, Suite 2000 |
| 400 Galleria Officentre, Suite 117 | Houston, TX 77010 |
| Southfield, MI 48034 | (713) 276-7624 |
| (248) 354-9650 | |
| | |
| HAL K. GILLESPIE | JAMES P. GILLESPIE (*pro hac vice*) |
| CHRISTA J. BOYD-NAFSTAD | MATTHEW PAPEZ (*pro hac vice*) |
| GILLESPIE, ROSEN, WATSKY | EUNNICE H. EUN (*pro hac vice*) |
| & JONES | KIRKLAND & ELLIS, LLP |
| Co-Counsel for Plaintiffs | Attorneys for Defendant |
| 3402 Oak Grove Ave., Suite 200 | 655 15th Street, N.W., Suite 700 |
| Dallas, TX 75204 | Washington, D.C. 20005 |
| (214) 720-2009 | (202) 879-5000 |

**ORDER OF APPROVAL
OF FINAL PAYMENTS LIST**

## <u>ORDER OF APPROVAL OF FINAL PAYMENTS LIST</u>

This matter comes before the Court on the Agreed Motion of the Parties for entry of an Order of Approval of Payments List pursuant to the Settlement Agreement of the Parties.

1.      On _____, 2009, this Court entered a Judgment approving the Settlement Agreement reached by the parties. The Settlement Agreement provided, inter alia, that Raytheon would make a lump sum payment to Class Counsel in the amount of $750,000, to be divided by Class Counsel into equal shares amongst the Eligible Class Members and/or Eligible Dependents who submitted timely Verifications to Class Counsel in compliance with Section 11 of the Settlement Agreement.

2.      On _____, 2009, a Court-approved Verification was mailed to Eligible Class Members and/or Eligible Dependents informing them that they had until _____, 2009 to return the Verification.

3.      During the 30 days after the mailing of the Verification, Eligible Class Members or their authorized representatives were to submit the Verification to Class Counsel.  After the expiration of this 30 day period, Verifications were no longer accepted and, pursuant to the Settlement Agreement, any further Verifications were null and void.

4.      After the deadline passed for submitting the Verifications, and pursuant to the Settlement Agreement, Class Counsel reviewed the Verifications which had been submitted, determined what payments were due under the Settlement Agreement based on the Verifications received, and submitted disputes (if any) to the Magistrate for resolution pursuant to provisions of the Settlement Agreement.

5.      Class Counsel has now submitted a Payments List to the Court for approval.

2

6.     After reviewing the submissions of the parties, and based on its findings noted above, the Court is satisfied that the amounts set forth on the Payments List attached are proper under the terms of the Settlement Agreement and in the bests interests of the Class.

IT IS HEREBY ORDERED that the payment amounts set forth in the Final Payments List attached to this Order be and hereby are approved.

IT IS FURTHER ORDERED that Class Counsel shall mail the Payments to Eligible Class Members and/or Eligible Dependents in the amounts shown on the Payments List within 30 days of entry of this Order.

Dated: _____, 2009        _____
                                       Hon. Jane J. Boyle
                                       United States District Court Judge

**EXHIBIT G**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOROTHY NEAL, JANE PITTS,
and DOROTHY WITHERSPOON,
on behalf of themselves and a
similarly situated class,

        Plaintiffs,

v.

RAYTHEON COMPANY,

        Defendant.

Case No. 05-CV-252 1 -B
Hon. Jane J. Boyle
Magistrate Judge Ramirez

**Class Action**

---

| | |
|---|---|
| ROGER J. McCLOW (P27 170) | JOHN F. EASTON (Bar No. 00798162) |
| DAVID R. RADTKE (P470 1 6) | PILLSBURY WINTHROP |
| KLIMIST, McKNIGHT, SALE, | SHAW PITTMAN LLP |
| McCLOW & CANZANO, P.C. | Attorney for Defendant |
| Attorneys for Plaintiffs | 909 Fannin Street, Suite 2000 |
| 400 Galleria Officentre, Suite 1 17 | Houston, TX 77010 |
| Southfield, MI 48034 | (71 3) 276-7624 |
| (248) 354-9650 | |
| | |
| HAL K. GILLESPIE | JAMES P. GILLESPIE (Bar No. 427773) |
| CHRISTA J. BOYD-NAFSTAD | MATTHEW PAPEZ (Bar No. 473975) |
| GILLESPIE, ROSEN, WATSKY | EUNNICE H. EUN (Bar No. 500203) |
| & JONES | KIRKLAND & ELLIS, LLP |
| Co-Counsel for Plaintiffs | Attorneys for Defendant |
| 3402 Oak Grove Ave., Suite 200 | 655 15th Street, N.W., Suite 700 |
| Dallas, TX 75204 | Washington, D.C. 20005 |
| (2 14) 720-2009 | (202) 879-5159 |

---

**VERIFICATION FORM**

## VERIFICATION FORM

Pursuant to the Settlement Agreement approved in *Neal, et al. v. Raytheon Co.*, Raytheon will make a lump sum payment of $750,000 to Class Counsel, which Class Counsel will divide into equal shares for Eligible Class Members and Eligible Dependents (as defined in the Settlement Agreement) who submitted timely this Verification Form to Class Counsel.

You must sign and return this Verification Form by , 2009 to be eligible for receipt of a Payment for future health related expenses.

Please return this form to Class Counsel, David R. Radtke, Klimist, McKnight, Sale, McClow & Canzano, P.C., 400 Galleria Officentre, Suite 117, Southfield, MI 48034.

---

| *Please Print* | **RETIREE INFORMATION** |
| --- | --- |

Name: _____    Date of Birth: _____

Address:_____    Date of Death:_____

City:_____    State:_____    Zip Code:_____

---

**SURVIVING SPOUSE OR DEPENDENT SPOUSE / CHILD OF RETIREE**

---

Name: Date of Birth:_____    Date of Birth:_____

Address:_____    Date of Death:_____

City:_____    State:_____    Zip Code:_____

---

Retiree/Surviving Spouse Signature:_____    Date:_____

Eligible Dependent Signature:_____    Date:_____

## EXHIBIT H

### CLASS COUNSEL LETTER TO CLASS MEMBERS
### RE: PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

_____, 2009

To:      Class Members

From:  Class Counsel

Re:      Preliminary Approval of Class Action Settlement Agreement in *Neal, et al. v. Raytheon Company*, Case No. 05-cv-2521-B

Greetings:

This letter, and the enclosed Notice, pertain to Class Members from Raytheon's Garland, Texas facility. As you are aware, Class Representatives Dorothy Neal, Jane Pitts and Dorothy Witherspoon filed suit on behalf of a class of retirees from Raytheon's Garland, Texas facility who were represented by the UAW at the time of their retirement (before August 1, 1993) and their surviving spouses, challenging the retiree health care benefits provided by Raytheon.

As we have informed you previously, there is a proposed settlement agreement with Raytheon, which has been preliminarily approved the Court. If finally approved by the Court, the Settlement will require the following:

1.      Duration of Coverage. Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees in the United States through the Raytheon Retiree Health Benefits Plan for 10 years from the Effective Date.  Should Raytheon offer regional retiree health benefits plans instead of the current national Plan during this 10-year period, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location.  After 10 years, Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas.  Should Raytheon offer regional retiree health benefits plans instead of the current national Plan at some point 10 years after the Effective Date, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides, so long as Raytheon continues to offer the

Raytheon Retiree Health Benefits Plan in the State of Texas; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas.

2.   Eligible Class Members' Monthly Contributions will remain the same for the Duration of Coverage, as defined in the proposed Settlement Agreement.

3.   Class Members who were enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 and who subsequently withdrew from the Plan on or after July 1, 2003 (when the first changes were made) may re-enroll in Raytheon's Plan, without pre-existing condition limitations, within 90 days after Final Judgment has been entered by the Court.

4.   Subject to Court approval and per the Settlement Agreement, Class Counsel shall equally distribute the amount of $750,000 to Eligible Class Members and Eligible Dependents alive as of January 15, 2009 and who have timely filed Verifications to defray future health-related costs.  Subject to Court approval, $75,000 will be paid to Class Counsel for costs and attorney fees incurred in prosecuting the lawsuit.

Class Members and their Dependents who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 will not receive a Payment from the $750,000 and are not eligible to re-enroll in Raytheon's Plan.

The Settlement Agreement will be made final by Court Order.  In exchange for the benefits described above, all claims asserted by the Class in the litigation will be dismissed with prejudice and Raytheon will be released from any further liability.

The purpose of this letter is to summarize the terms of the proposed Settlement Agreement, to explain the position of the Class Representatives and Class Counsel, and to summarize the process for Court approval.

Attached to this letter is a Notice of Proposed Class Action Settlement from the Court describing the history of the litigation, the terms of the Settlement Agreement and what remains to be done in more detail. You should read the Notice carefully.

The Settlement Agreement and certain Exhibits are also attached. You should read it carefully as well. This letter is intended only as a general summary of the Settlement Agreement.  The official information on the proposed Settlement Agreement is contained in the Settlement Agreement itself.  The Settlement Agreement, not this letter, is the official legal document governing the settlement of the litigation.

2

## I.    RECOMMENDATION OF CLASS REPRESENTATIVES AND CLASS COUNSEL.

The Class Representatives and Class Counsel strongly support the proposed settlement.  It accomplishes in significant part the principal goals of this litigation.  It establishes that Eligible Class Members  will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees in the United States through the Raytheon Retiree Health Benefits Plan for 10 years from the Effective Date.  Should Raytheon offer regional retiree health benefits plans instead of the current national Plan during this 10-year period, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location.  After 10 years, Eligible Class Members will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas. Should Raytheon offer regional retiree health benefits plans instead of the current national Plan at some point 10 years after the Effective Date, each Eligible Class Member will receive the same level of retiree health care benefits offered by Raytheon to its salaried or hourly retirees through the Raytheon Retiree Health Benefits Plan in the geographical location in which each respective Eligible Class Member resides, so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas; provided that, in the event Raytheon offers more than one program of retiree health care benefits through the Raytheon Retiree Health Benefits Plan in the geographical location in which the Eligible Class Member resides, the Eligible Class Member, and all other Eligible Class Members in that location, will receive, as a group, retiree health care benefits under the best program generally offered through the Raytheon Retiree Health Benefits Plan within that geographical location so long as Raytheon continues to offer the Raytheon Retiree Health Benefits Plan in the State of Texas. This includes hospital, medical, surgical and prescription benefits.

It also establishes that Eligible Class Members' Monthly Contributions will remain the same for the Duration of Coverage, as that term is defined in the Settlement Agreement.

In addition, Class Members who were enrolled in the Raytheon Plan as of June 30, 2003 and who subsequently withdrew from the Plan on or after July 1, 2003 (when the first changes were made) may re-enroll in Raytheon's Plan, without pre-existing condition limitations, within 90 days after the Settlement Agreement is approved by the Court.

Subject to Court approval, $750,000 will be distributed to Eligible Class Members and Eligible Dependents to defray future health-related costs.

**Attorneys' Fees**

Subject to Court approval, Raytheon has agreed to pay Class Counsel $75,000 for attorneys' fees and costs rendered in this lawsuit. Raytheon's payment of such fees shall not be construed as an admission of liability or wrongdoing.

The proposed Settlement Agreement will avoid the need for further litigation which would otherwise delay any resolution of this matter. And, of course, there is no guarantee that we would have prevailed in the litigation. Raytheon has asserted many defenses to liability. By agreeing to the settlement, we are able to avoid the risk that Raytheon would succeed in its defenses and that it would have the unrestricted right to modify or terminate your health care benefits.

## II.    COURT HEARING

As described in the enclosed Notice, the Court will hold a hearing on whether to finally approve the Settlement Agreement on _____, 2009 at _____ _.M. If you object to the proposed settlement, you must file written objections (and serve such objections on the other parties listed in the Notice) on or before _____, 2009. At the settlement hearing, the Court will consider any objections timely filed by members of the Class and will otherwise evaluate the proposed settlement to determine if it is fair, reasonable, and in the best interest of the Class. The Class Representatives, Counsel for the Class and Raytheon will support the proposed settlement and will ask the Court to approve it.

You do not need to attend the hearing. Class Counsel will attend. However, you may file objections and/or attend the Court hearing if you wish. Objections will not be considered unless timely filed and served in writing as required by the attached Notice.

**IF YOU SUPPORT THE PROPOSED SETTLEMENT AGREEMENT, YOU DO NOT NEED TO DO ANYTHING.**

If the proposed Settlement Agreement is approved by the Court at the _____, 2009 hearing, the Judgment incorporating the Settlement Agreement will become final on about _____ 2009.

**Summary**

We were able to achieve this result with your help and patience, and because of the commitment of the Class Representatives to protect your rights and vigorously pursue this litigation. We believe that we now have the further opportunity to serve your interest by ending the protracted legal battles and the uncertainty and delay of litigation. We recommend strongly that you do not object to the Proposed Settlement Agreement.

Remember, if you support the Settlement Agreement, you do not need to do anything at this point. If the Court approves the Settlement Agreement at the _____, 2009 hearing, it will enter a Final Judgment approving and incorporating the Settlement Agreement.

4

Very truly yours,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.


David R. Radtke

DRR/kap

Enclosures

## EXHIBIT I

### LETTER TO CLASS MEMBERS RE: RE-ENROLLMENT
### IN RAYTHEON RETIREE HEALTH BENEFITS PLAN

Dear Class Member:

Pursuant to the Settlement Agreement approved in *Neal, et al. v. Raytheon Company*, Eligible Class Members who were enrolled in Raytheon's Retiree Health Care Benefits Plan as of June 30, 2003 and who subsequently ended their enrollment are eligible to apply for re-enrollment in the Raytheon Retiree Health Care Benefits Plan for up to 90 days after entry of the Final Judgment without any pre-existing condition limitations. Class Members who were not enrolled in the Raytheon Retiree Health Benefits Plan as of June 30, 2003 are not eligible for re-enrollment or a share of the Settlement Amount

The Final Judgment was entered on _____.  In order to re-enroll in the Raytheon Retiree Health Care Benefits Plan without any pre-existing condition limitations, the enclosed Form must be received by Class Counsel no later than _____.  After this date, no Eligible Class Member will be eligible to re-enroll in the Plan, except as provided in Section 12 of the Settlement Agreement.  Class Counsel is David R. Radtke, 400 Galleria Officentre, Suite 117, Southfield, MI 48034.

**If you are currently receiving health care benefits from Raytheon, you do not need to return this Form or do anything to be covered by Raytheon's Retiree Health Care Benefits Plan.**

The monthly contribution for the Raytheon Retiree Health Care Benefits Plan are as follows:

Retirees and Surviving Spouses of retirees who retired before July 1, 1990

- Retiree/Surviving Spouse only -- $3.90 per month
- Retiree/Surviving Spouse plus one -- $3.90 per month each

Retirees and Surviving Spouses of retirees who retired on or after July 1,1990 and before August 1, 1993, month contributions are:

- Retiree/Surviving Spouse only -- $15.90 per month
- Retiree/Surviving Spouse plus one -- $31.63 per month
- Retiree or Surviving Spouse plus more than one -- $40.38 per month

Questions regarding re-enrollment or the information requested in this form may be directed to Class Counsel David Radtke at 248-354-9650.

Very truly yours,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.


David R. Radtke

Enclosure

*Neal, et al. v. Raytheon Company*
**N.D. Texas Case No. 05-cv-2521**

## Re-Enrollment Form

| | |
|---|---|
| *Please Print* | **RETIREE OR SURVIVING SPOUSE INFORMATION** |

**Name:**_____

**Address:**_____

**City:**_____    **State:**_____**Zip Code:**_____

**Retiree/Surviving Spouse Date of Birth:**_____

**Retiree/Surviving Spouse Social Security #:** _____

**Date of Retiree's Death (**if applicable**):**_____

---

**DEPENDENT OF RETIREE OR SURVIVING SPOUSE**

---

**Name:**_____    **Date of Birth:**_____

**Address:**_____

**City:**_____    **State:**_____**Zip Code:**_____

**Social Security #:** _____

**Relationship to Retiree or Surviving Spouse:**_____

**Retiree/Surviving Spouse Signature:**_____    **Date:**_____

**Dependent Signature:**_____    **Date:**_____

**If you are currently receiving health care benefits from Raytheon, you do not need to return this Form or do anything to be covered by Raytheon's Retiree Health Care Benefits Plan.**